IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| JOHN G. JACOBS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF AMERICA, N.A.;<br>RECONTRUST COMPANY, N.A.; and<br>SPECIALIZED LOAN<br>SERVICING,LLC,<br><br>　　　　　Defendants. | CV 16-61-M-DLC-JCL<br><br>FINDINGS &<br>RECOMMENDATION |

Defendant Specialized Loan Servicing, LLC ("SLS") has moved under Federal Rule of Civil Procedure 55(c) to set aside the default entered against it in March 2016. Because SLS has established good cause for setting aside the entry of default, its motion should be granted.

## I.　**Background**

In February 2016, Plaintiff John Jacobs ("Jacobs") commenced this action in state court, alleging several claims arising from the settlement of an underlying lawsuit he brought against Defendants Bank of America, N.A., Recontrust Company, N.A., and SLS for wrongful foreclosure. Jacobs alleges breach of the settlement agreement, breach of the implied covenant of good faith and fair

-1-

dealing, and violations of Montana's Unfair Trade Practice Act and Consumer Protection Act.

Jacobs served SLS with a copy of the summons and complaint on February 23, 2016, making its answer due March 15, 2016. According to SLS, it immediately began efforts to locate Montana counsel but was unable to find representation until March 31, 2016. SLS did not file an answer by the March 15, 2016, deadline and did not contact Jacobs to arrange for an extension. On March 17, 2016, Jacobs moved for entry of default pursuant to Montana Rule of Civil Procedure 55(b)(2), and the state court clerk entered default against SLS the next day.

ReconTrust removed the case to this Court on April 15, 2016, and local counsel entered an appearance on behalf of SLS one week later. On April 25, 2016, SLS filed the pending motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c).

## II. Discussion

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). Whether to set aside the entry of default is within the court's discretion. *See O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). In determining whether "good cause" is present, the court considers

the same three factors its weighs in deciding whether to grant relief from default judgment under Rule 60(b): "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (*quoting Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

These factors are disjunctive, which means that the court may deny a motion to set aside an entry of default "if any of the three factors [is] true." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). The court is not required to do so, however, and may, in the exercise of its discretion, set aside a default even if it finds that one of the "good cause" factors is true. *Brandt*, 653 F.3d at 1111-12 (setting aside default notwithstanding fact that defendant acted culpably).

Entering "judgment by default is a drastic step," and one that the Ninth Circuit cautions is "appropriate only in extreme circumstances." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2011) (*quoting Falk*, 789 F.2d at 463). As a general rule, "a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (*quoting Falk*, 789 F.2d at 463). "Where timely relief is sought from a default...and the

movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default...." *O'Connor*, 27 F.3d at 364 (*quoting Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986)). Nonetheless, the party seeking to set aside the entry of default bears the burden of showing that the "factors favor vacating the judgment." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (overruled on other grounds, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147-50 (2001)).

A. <u>Prejudice</u>

Prejudice exists when a "plaintiff's ability to pursue his claim will be hindered" if the court sets aside the entry of default. *TCI Group*, 244 F.3d at 701. Prejudice does not exist if the only harm is "simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. Nor is a plaintiff prejudiced by losing a "quick victory" and being forced to litigate the merits of his case. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000). Rather, "to be considered prejudicial, 'the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery or greater opportunity for fraud or collusion." *Batemen*, 231 F.3d at 1225 (quoting *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

Setting aside the entry of default will not prejudice Jacobs. SLS filed its

motion to set aside the entry of default on April 25, 2016 - approximately five weeks after it was entered by the state court clerk. At the time SLS filed its motion, no discovery had taken place and the Court had not yet entered a scheduling order. While the Court entered a scheduling order on June 21, 2016, none of the pretrial deadlines has passed yet and the case is still in its earliest stages. In the meantime, Jacobs is apparently proceeding with discovery and has emailed his first discovery requests to counsel for all Defendants, including SLS. There is nothing to suggest that the relatively short delay in SLS's appearance will have any prejudicial effect on Jacobs' ability to pursue his claims or result in any tangible harm, such loss of evidence, discovery difficulties, or a greater opportunity for fraud or collusion. And because no pretrial deadlines have passed, any delay associated with setting aside the entry of default will be minimal. While setting aside the entry of default will require Jacobs to litigate the merits of his claims against SLS, the Ninth Circuit has made clear that "merely being forced to litigate on the merits cannot be considered prejudicial...." *TCI Group*, 244 F.3d at 701. Setting aside the entry of default in this case will not prejudice Jacobs. Rather, doing so will simply restore "the parties to an even footing in the litigation" and allow this case to be decided on the merits. *TCI Group*, 244 F.3d at 701.

B. <u>Meritorious Defenses</u>

A party seeking to set aside a default "must present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700 (citations omitted). As described by the Ninth Circuit, this burden is not an "extraordinarily heavy" one. *TCI Group*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094 (*quoting TCI Group*, 244 F.3d at 700). The question of whether those factual allegations are true "is not to be determined by the court when it decides the motion to set aside the default." *Mesle*, 615 F.3d at 1094 (*quoting TCI Group*, 244 F.3d at 700). "Rather, that question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (*quoting TCI Group*, 244 F.3d at 700).

SLS has met its burden of offering a potentially meritorious defense. Jacobs' claims are based in large part on his allegation that SLS breached the terms of the settlement agreement reached in his wrongful foreclosure lawsuit. In defense, SLS argues it was not a party to the settlement agreement with Jacobs. Jacobs counters that SLS, as the loan servicer, was a party to the settlement. SLS further maintains that even if it was a party to the settlement, it complied with the terms of the agreement by referring the matter to foreclosure counsel. While the

parties clearly dispute whether SLS will ultimately prevail on its defense, for purposes of determining whether to set aside the entry of default it is sufficient that SLS has asserted facts which, if later proved true, would be a defense to the action. Because SLS has offered a potentially meritorious defense, this factor weighs heavily in favor of setting aside the default.

    C.    <u>Culpability</u>

A defendant's conduct is considered "culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 192-93 (quoting *TCI Group*, 244 F.3d at 697) (emphasis in original). The Ninth Circuit has adopted a narrow definition of "intentional" and usually requires evidence of a "devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698. But when the defendant is a "sophisticated entity," the court may find that the defendant acts culpably when it "has received actual or constructive notice of the filing of the action and failed to answer." *Franchise Holding*, 375 F.3d at 926 (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)).

SLS argues that *Franchise Holding* is an anomalous case which is inconsistent with the holding in *TCI Group* and has been rejected by district courts within the Ninth Circuit. See e.g., *FOC Financial Ltd. Partnership v. National*

*City Commercial Capital Corp.*, 612 F. Supp. 2d 1080, 1083 (D. Ariz. 2009) (describing *Franchise Holding* as inconsistent with Ninth Circuit case law); *Quach v. Cross*, 2004 WL 2862285 at *7 (C.D. Cal. Dec. 3, 2004) (describing *Franchise Holding* as anomalous and unpersuasive) ; *E. & J. Gallo Winery v. Cantine Rallo, S.P.A.*, 430 F. Supp. 2d 1064, 1086 (E.D. Cal. 2005) (describing *Franchise Holding* as a case which does not follow precedent)). Significantly, however, these cases were decided before *Mesle* in which the Ninth Circuit clarified that *Franchise Holding* and *TCI Group* are consistent, and simply provide different standards for unrepresented lay parties and sophisticated entities. *Mesle* 615 F.3d at 1093. "When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Mesle*, 615 F.3d at 1093.

SLS is a national loan servicing company with in-house legal counsel, and has been involved in more than 100 prior lawsuits. (Doc. 14-8). It is thus fair to say that SLS is a sophisticated legal entity. SLS does not dispute that it was properly served and had actual notice of the summons and complaint. SLS further admits that it did not file a timely answer, but explains this was due to the fact that it was unable to find conflict-free local counsel until after the March 15, 2016, deadline for filing its answer had passed. While there is nothing indicating that

SLS acted with bad faith in failing to timely answer, the fact that it had actual notice of the complaint and was a sophisticated entity that presumably knew the potential consequences of failing to respond to the complaint is enough to suggest that it acted culpably in failing to respond. But even assuming SLS was culpable, the first two *Falk* factors weigh conclusively in favor of setting aside the entry of default. As discussed above, SLS has met its burden of showing that it has a potentially meritorious defense, and setting aside the entry of default will not cause Jacobs any prejudice. Particularly in light of the strong policy favoring resolution of cases on the merits, the default entered against SLS should be set aside.

## III. Conclusion

Because SLS has established good cause for setting aside the default entered against it,

IT IS RECOMMENDED that SLS's Motion to Set Aside Entry of Default be GRANTED.

DATED this 20th day of July, 2016

_____
Jeremiah C. Lynch
United States Magistrate Judge