IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN G. JACOBS,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.;<br>RECONTRUST COMPANY, N.A.; and<br>SPECIALIZED LOAN<br>SERVICING,LLC,<br><br>    Defendants. | CV 16-61-M-DWM-JCL<br><br>ORDER |

This matter is before the Court upon Defendants' motions requesting the Plaintiff's jury demand be stricken. Plaintiff opposes the motion. Having considered the parties' respective positions, the Court finds it appropriate to grant Defendants' motions to strike.

## I.    Background

The facts underlying this case are well known to the parties and are only repeated as necessary to inform the discussion.

In January 2012 Plaintiff Jacobs filed suit in Montana State District Court against Bank of America, N.A. and ReconTrust Company, N.A. – both of which are Defendants in this action – in relation to a mortgage foreclosure on Jacobs'

1

residence. Jacobs, who was represented by an attorney, entered a settlement agreement with both Bank of America and ReconTrust Company resolving that lawsuit. As part of the settlement agreement, all parties unequivocally agreed to waive all right to a jury trial with respect to any litigation that might subsequently arise in relation to enforcement of the settlement agreement itself.

On February 19, 2016, Jacobs commenced the present action in Montana State District Court, alleging breach of the settlement agreement. In his state court complaint, Jacobs made a jury demand in accordance with Mont. R. Civ. P. 38. The complaint was expressly denominated "Complaint and Jury Demand." On April 15, 2016, Bank of America and ReconTrust Company removed the case to this Court based upon diversity jurisdiction.

Shortly thereafter, Bank of America and ReconTrust Company filed their respective answers, denominating their pleadings as "Answer to Complaint and Jury Demand." (*See* Docs. 4 and 6.) In the text of their answers, both entities also noted that as part of the underlying settlement agreement Jacobs had expressly agreed to waive his right to trial by jury. And they directed the Court to the agreement that was attached to Jacobs' complaint. On August 17, 2016, Jacobs filed an amended complaint and renewed his jury trial demand. (*See* Docs. 31 and 32.)

On October 28, 2016, Bank of America filed a motion to strike – which ReconTrust Company joined – Jacobs' jury demand. They rely, of course, upon the unequivocal waiver of the right to a jury trial contained in the settlement agreement.[1]

In opposing the motions to strike, Jacobs does not challenge the validity of the jury trial waiver contained in the settlement agreement. Rather, he argues that both Bank of America and ReconTrust Company demanded trial by jury when they titled their respective answers as an "Answer to Complaint and Demand for Jury Trial." From this premise, Jacobs invokes the mandate of Fed. R. Civ. P. 39(a)(1) which provides that a party may only withdraw a previously asserted jury demand through an oral or written stipulation by all parties.

As Jacobs accurately notes, "once one party files such a [jury] demand other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands." *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995). And it matters not that Jacobs had previously waived his right to a jury trial. *Fuller*, 47 F.3d at 1531. But *Fuller* also reminds that in applying Fed. R. Civ. P. 38 and 39, courts in the Ninth Circuit are not to take a literal approach but

---

[1]Defendant Specialized Loan Servicing filed a separate motion to strike predicated upon essentially the same argument advanced by Bank of America and ReconTrust Company. (Doc. 52.)

an equitable one – striving to apply Rule 39 in a manner consistent with its purpose.

Under the facts of this case, equitable considerations dictate that Jacobs' reliance on Fed. R. Civ. P. 39(a)(1) be rejected. Read fairly and as a whole the original answers of Bank of America and ReconTrust Company cannot be said to have invoked a jury demand under Fed. R. Civ. P. 38, thus bringing Rule 39(a)(1) into play. To the contrary, the caption of these entities' answers – however ill advised – merely mimicked the caption of Jacobs' original complaint. When read in conjunction with the text of the answers, it cannot be equitably concluded that either entity demanded a trial by jury of the issues presented for resolution by Jacobs' complaint.[2]

Therefore, IT IS HEREBY ORDERED that Defendants' motions to strike are GRANTED.

DATED this 8th day of May, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] The presiding judge, the Honorable Donald W. Molloy, obviously has the discretion to utilize an advisory jury if he so chooses.