IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
MAY 2 2 2017
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| JOHN G. JACOBS,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA; RECONTRUST COMPANY, N.A.; and SPECIALIZED LOAN SERVICING, LLC,<br><br>Defendants. | CV 16–61–M–DWM–JCL<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION |

Pending before the Court is Defendants Bank of America and Recontrust Company's and Defendant Specialized Loan Servicing, LLC's motions for summary judgment. (Docs. 61, 71.) United States Magistrate Judge Lynch entered findings and recommendations on April 19, 2017, recommending the Court grant-in-part and deny-in-part the motions. (Doc. 94.) The Court agrees.

Parties are entitled to *de novo* review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). Those findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm

1

conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted). Jacobs filed objections on May 3, 2017, (Doc. 96), and the defendants filed responses to those objections on May 16, 2017, (Docs. 98, 99[1]). As the parties are familiar with the factual background, it will not be restated here.

## ANALYSIS

Plaintiffs John G. Jacobs ("Jacobs") objects to five of Judge Lynch's findings and conclusions:[2]

(1) Jacobs and defendants were in equal bargaining positions such that there was no special relationship created under the settlement;

(2) Jacobs did not suffer an "ascertainable loss of money or property";

(3) The defendants were not prohibited from sending Jacobs the default notices and other communications he complains of;

(4) ReconTrust has no contractual duties with respect to the foreclosure; and

(5) Jacobs is not entitled to punitive damages.

Those objections are addressed in turn.

---

[1] Amended at Doc. 100 to include Tables.

[2] Jacobs does not object to the dismissal of his credit reporting claims. (Doc. 96 at 7.)

2

## I. Equal Bargaining Positions

The tort-type damages sought by Jacobs under his claim for tortious breach of the implied covenant of good faith and fair dealing can be recovered only where there is a "special relationship" between the parties. *Morrow v. Bank of Am., N.A.*, 324 P.3d 1167, 1176 (Mont. 2014). Under Montana law, the elements of a special relationship are: (1) the contract must be such that the parties are in inherently unequal bargaining positions; (2) the motivation for entering the contract must be a not-for-profit; (3) ordinary contract damages are not adequate because (a) they do not require the party in the superior position to account for its action, and (b) they do not make the injured party whole; (4) one party is especially vulnerable because of the type of harm it may suffer and of necessity places trust in the other party to perform; and (5) the other party is aware of this vulnerability. *Story v. City of Bozeman*, 791 P.2d 767, 776 (Mont. 1990) (citing *Wallis v. Superior Court*, 207 Cal. Rptr. 123, 129 (Cal. App. 1984)).

Because Judge Lynch determined the first element was not met, he did not address the remaining elements. Jacobs objects to Judge Lynch's determination, arguing that it reads an additional element of proof into *Story* and that he has presented substantial evidence as to question of unequal bargaining position.³

---

³ Jacobs commits three pages to arguing the second element, motive. Because he fails to make the requisite showing as to the first element, those arguments are not addressed.

3

Jacobs' objection is not well taken.

In April 2014, Jacobs, represented by counsel, attended a mediation before William Wagner, a neutral Settlement Master. (Doc. 79 at ¶¶ 15, 16.) The mediation was successful and the parties "settled with the advice of their counsel." (*Id.* at ¶ 16.) Counsel for Bank of America and ReconTrust drafted the Settlement Agreement and Jacobs and his counsel were able review that Agreement prior to signing. (*Id.* at ¶¶ 20, 22.) Other than to argue that he is a debtor and the defendants are creditors, Jacobs does not dispute the fact he attended a neutral mediation, was represented, and had adequate time and advice of counsel in his consideration of the Agreement. *See Okun v. Morton*, 250 Cal. Rptr. 220, 234 (Cal. App. 1988) (findings parties' "were not in unequal bargaining position" where represented by counsel, made decision on basis of advice of counsel, and had adequate time to review the offer). Jacobs presents no evidence as to give rise to a genuine dispute of fact regarding the parties' bargaining positions. *Compare with McNeil v. Currie*, 830 P.2d 1241, 1249 (Mont. 1992) (noting unequal position where lay person relies on representations of insurance agent); *Stephens v. Safeco Ins. Co. of Am.*, 852 P.2d 565, 568 (Mont. 1993) (noting inferior position of insured in part because "the insured usually has no voice in the preparation of the insurance policy"). Because Jacobs fails to establish the first element of a special relationship as a matter of law, his claim for tortious breach of the implied

covenant of good faith and fair dealings fails and he cannot recover emotional distress damages.

## II. Ascertainable Loss

The Montana Consumer Protection Act provides in relevant part: "[a] consumer who suffers any ascertainable loss of money or property, real or personal, as a result of" unfair or deceptive practices may bring an action "to recover actual damages or $500, whichever is greater." Mont. Code Ann. § 30-14-133(1). Judge Lynch found that because Jacobs did not have an "ascertainable loss of money or property," he could not recover under the Act. Jacobs objects, arguing that the loss of his home qualifies as an "ascertainable loss of money or property." That objection is not well-taken.

Jacobs relies on *Rex v. Chase Home Finance LLC*, 905 F. Supp. 2d 1111, 1146 (C.D. Cal. 2012), to argue that loss of money or property can occur in "innumerable ways." While Jacobs is correct, none of those "ways" accounts for the timing issue faced here. Jacobs alleges unfair and deceptive practices in the defendants' conduct following the Settlement Agreement. By the time the alleged conduct occurred, Jacobs had already vacated his home and received $17,500 from the defendants. The "loss" of his home was not *as a result of* the alleged conduct. Jacobs' claim under the Montana Consumer Protection Act fails as a matter of law.

## III. Communications

5

Jacobs concedes that "the *Settlement Agreement* contains no express provision prohibiting defendants from sending demand letters and other communications to Jacobs." (Doc. 96 at 24.)

## IV. ReconTrust

Judge Lynch recommends that ReconTrust be dismissed from the action. Jacobs objects, arguing that because ReconTrust signed the Agreement, was Bank of America's wholly-owned subsidiary, and Trustee under the Deed of Trust, it had the same rights and obligations as the other defendants to proceed with the non-judicial foreclosure. Other than to reassert that such obligations existed, Jacobs does not present any specific facts as to ReconTrust's alleged breach. Accordingly, his claims against ReconTrust are summarily dismissed.

## V. Punitive Damages

Because Jacobs does not prevail on any of the objections discussed above, he is not permitted to recover punitive damages.

## CONCLUSION

Finding no clear error in the portions of the Findings and Recommendation not specifically objected to, IT IS ORDERED that the Findings and Recommendation (Doc. 94) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that the defendants' motions for summary judgment (Docs. 61, 71) are GRANTED in PART and DENIED in PART. The

motions are DENIED as to Jacobs' breach of contract claim for nominal damages based on Bank of America's and Specialized Loan Servicing's alleged failure to foreclose in a reasonable time, but GRANTED in all other respects.

Dated this 22nd day of May, 2017.

Donald W. Molloy, District Judge
United States District Court